

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00098-CR

---

JANINE LADAWN MESSENGER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1687H, Honorable Kimberly Allen, Presiding

---

June 13, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Janine LaDawn Messenger, appeals her conviction for theft[1] and sentence to sixteen months' confinement in a state jail facility, suspended in favor of community supervision. The appellate record was originally due May 1, 2023. The clerk's record was timely filed. However, the reporter's record was not filed because Appellant did not request preparation or make payment arrangements for the record. *See* TEX. R.

---

[1] *See* TEX. PENAL CODE ANN. § 31.03.

APP. P. 20.2; 35.3(b)(2), (3). By letter of May 2, 2023, we extended the deadline to file the reporter's record to May 31 and directed Appellant to request preparation of the record and make any necessary payment arrangements. We admonished that we would remand the cause to the trial court for further proceedings if Appellant failed to do so. *See* TEX. R. APP. P. 37.3(a)(2). To date, the reporter's record has not been filed and Appellant has had no further communication with the reporter or the Court.

Accordingly, we abate the appeal and remand the cause to the trial court to determine the following:

1.    whether Appellant still desires to prosecute the appeal;

2.    whether Appellant is indigent;

3.    why Appellant has not timely requested preparation of the reporter's record;

4.    whether Appellant is entitled to have the reporter's record furnished without charge pursuant to Rule of Appellate Procedure 20.2;

5.    if Appellant is not entitled to have the reporter's record furnished without charge, the date Appellant will make acceptable payment arrangements for the reporter's record;

6.    whether Appellant's counsel has abandoned the appeal;

7.    whether Appellant has been denied the effective assistance of counsel; and

8.    whether new counsel should be appointed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by July 13, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel;

2

the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

It is so ordered.

Per Curiam

Do not publish.